## JESUS HERRERA v. THE STATE.

No. 13019. Delivered February 19, 1930.
Reported in 24 S. W. (2d) 1093.

The opinion states the case.

*J. Ed. Wilkins* of San Antonio, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for misdemeanor theft; punishment, a fine of one hundred dollars, and one day in the county jail.

Appellant was indicted for theft of a cultivator. Shortly after the disappearance of said cultivator from the premises of its owner, same was found in the field rented and worked by appellant. Upon being asked about the cultivator, he said it was his. Another Mexican was present. Both were indicted for this theft. The other Mexican referred to seems to have forfeited his bond and disappeared.

On the trial of the case appellant asked a special charge submitting the law relative to circumstantial evidence, which was re-

fused. We are of opinion that in refusing the charge on circumstantial evidence the learned trial judge fell into error. That appellant claimed the cultivator as his, would not be tantamount to an admission on his part that he fraudulently took it from the owner. Many men have been found in possession of recently stolen property who have advanced one reason or another as explanatory of their apparent claim of ownership, which cases have been held to be upon circumstantial evidence. Beyond doubt the fact of recent possession is but a circumstance to be considered by the jury along with other circumstances in the case in determining guilt.

Because of the refusal of a charge on circumstantial evidence, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*