# APRIL 27, 1938

### ERNEST BARROW V. THE STATE.

No. 19646. Delivered April 27, 1938.

The opinion states the case.

*J. A. Veillon* and *D. F. Sanders,* both of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellant was charged with theft of an automobile of the value of over fifty dollars, belonging to R. E. Oborski, and upon conviction was assessed a term of two years in the penitentiary.

His only complaint is because of the court's refusal to charge on the law of circumstantial evidence. The testimony shows that Mr. Oborski left his Dodge sedan in an auto repair shop in Beaumont to be repaired; that Mr. Loper was in charge of such repair department, and when the Dodge sedan was repaired it was placed out in front of such repair shop; that later on same was missed, and between 8 and 10 o'clock that night, at the town of Vidor in Orange County, appellant was found sitting in such car in a drunken condition; that he had been trying to sell said car, making the statement that he owned the same.

All the testimony connecting him with the theft of such car was the fact of his being in possession thereof and claiming it as his own. There is no testimony whatsoever connecting him with the taking of such car, save his possession of the recently stolen property.

Under such circumstances appellant requested a charge on circumstantial evidence, which the trial court refused to give. Such should have been given, as the State was forced to rely thereon alone for a conviction, the strongest circumstance showing the taking being the unexplained possession of recently stolen property. See Branch's Penal Code, Section 2478, page 1340; see also Brown v. State, 72 S. W. (2d) 269; Herrera v. State, 24 S. W. (2d) 1093.

In the event of a further trial hereof on this indictment the court should be careful not to confuse the two counts in the indictment in its charge to the jury, as is complained of on this appeal.

For the failure to charge on circumstantial evidence this judgment is reversed and the cause remanded.